# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1058_____

MICHAEL CRUTCHLEY

     Plaintiff

v.

DILLON POLICE DEPARTMENT

     Defendant

---

## COMPLAINT WITH JURY DEMAND

---

Plaintiff, Michael Crutchley, through his attorney Meredith A. Quinlivan, of McFarland Litigation Partners, LLC, complains against Defendant Dillon Police Department as follows:

## I.    NATURE OF THE CASE

1.    This employment discrimination and civil rights action is brought against Defendant Dillon Police Department ("Defendant"), by Plaintiff Michael Crutchley ("Crutchley") for equitable relief and monetary damages to redress the deprivation of civil rights secured to him by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq.* and the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794 *et seq.*

2.     This employment discrimination and civil rights action is brought against Defendant, by Plaintiff for equitable relief and monetary damages to redress the deprivation of civil rights secured to him by the Whistleblower Act.

3.     This employment discrimination and civil rights action is brought against Defendant, by Plaintiff for equitable relief and monetary damages to redress the deprivation of civil rights secured to him by Title VII.

4.     Specifically, he alleges that Defendant terminated his employment as a Dillon Police Officer because of his medical condition which violates the ADA and the Rehab Act, in retaliation for expressing concerns about the intimate relationship between a superior sergeant and a subordinate officer, and discrimination based on gender. Plaintiff alleges that the Defendants' actions caused him mental distress and humiliation, and loss of employment and compensation.  He seeks back pay, compensatory damages, and attorneys' fees and costs of this action.

## II.     JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and said claims are brought to recover damages for the deprivation of Plaintiff' civil rights.

6.    Venue is proper in this judicial District under 28 U.S.C. § 1391(b), (c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the causes of action arose, and the acts and omissions complained of occurred herein.

## III.  PARTIES

7.    Plaintiff is a citizen and resident of Colorado.

8.    Defendant was created pursuant to the Dillon Municipal Code, Art. V, Sec. 2-5-10, in Dillon, Colorado.

9.    Defendant is an employer within the meaning of federal and state law.

10.   At all relevant times during Plaintiff's employment by Defendant, it employed more than 15 persons and is therefore subject to the terms of the ADA. Additionally, during all relevant times it received federal funds and/or the department in which plaintiff had worked was a program or activity for which federal funds were received, and therefore Defendant is subject to the provisions of the Rehab Act and Title VII and is subject to the jurisdiction of this court under that statute. Defendant's offices are located at 275 Lake Dillon Drive, Dillon, Colorado 80435. Defendant is therefore subject to the jurisdiction of this court.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    On July 16, 2020, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Case No. 541-2020-01803.

12.    The EEOC issued a Notice of Right to Sue dated January 15, 2021.

13.    Plaintiff filed this Complaint within 90 days of his receipt of the EEOC Notice of Right to Sue.

14.    Plaintiff has met all procedural prerequisites for his claims.

## V.    STATEMENT OF FACTUAL ALLEGATIONS

15.    Plaintiff is a 40-year-old male.

16.    Plaintiff entered law enforcement in 1998 and joined the Dillon Police Department in 2012.

17.    In 2014 or approximately therein, Chief Mark Haminghouse (the "Chief") joined the Dillon Police Department.

18.    Plaintiff performed his job to the satisfaction of his employer and received a promotion in 2014 to Sergeant.

19.    In 2014 or approximately therein, the Chief recruited Sergeant Adam Nance ("Nance") from the Frisco Police Department for the Dillon Police Department.

20.    In February 2017, Plaintiff injured his knee and was assigned to light duty for approximately six months.  Upon his return, Plaintiff was assigned to field training with Field Training Officer Logan Van Doozer ("Van Doozer"), Sergeant Chris Scherr ("Scherr"), and Nance.

21.    In March 2018, Plaintiff sustained a second knee injury while on the job.  He was placed on light duty for approximately seven months.  Upon his return, Plaintiff was again assigned to field training for three to four weeks with Sergeant Cale Osborn ("Osborn").

22.    Upon information and belief, the Chief and/or Nance took steps to sabotage Plaintiff's return to full duty by directing to Van Doozer to lower Plaintiff's training scores.

23.    In 2018 or approximately therein, Officer Kara Hall ("Hall") was hired by the Dillon Police Department, upon the reference or recommendation of Nance.

24.    Nance was Hall's direct supervisor, and in charge of the field training officer program.  Nance abused his position by encouraging the field training officer Craig Johnson ("Johnson") to alter Hall's scores during the training.

25.    Nance and Hall became personally involved in an intimate relationship, which became known to Van Doozer and other members of the

Dillon Police Department, including Plaintiff.

26.    In 2019 or approximately therein, Van Doozer, Nance, Osborn and Hall attended a training in Boulder.  Upon information and belief, Nance and Hall reserved a hotel room together, paid for by the Dillon Police Department.

27.    The Dillon Police Department maintained a policy, including language: "It is the policy of the Department that all complaints of discrimination or harassment shall be fully documented, and promptly and thoroughly investigated." Dillon Police Department Policy 331, (Section 331.4 requires prompt reporting).

28.    Plaintiff reported his concerns regarding the intimate relationship between Nance, a sergeant, and Hall, an officer, to Ryan Rice ("Rice").

29.    Upon information and belief, Plaintiff, Van Doozer and Johnson reported their concerns regarding Nance and Hall to the Chief.

30.    On September 19, 2019, Plaintiff was terminated.

## <u>COUNT I</u>
### (Violation of the Americans with Disabilities Act)

31.    Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

32.    Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he suffered multiple knee injuries, Defendant perceives him

to have a disability, he has the requisite education to perform and can perform the essential functions of a police officer, and either held or desired to hold a position as a police officer and/or sergeant.

33.   Defendant is an "employer" within the meaning of 42 U.S.C. §§ 12111(5) in that it is engaged in an industry affecting commerce and has more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. § 12111(5).

34.   Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

35.   Prior to and at the time that Defendant either constructively disciplined, reprimanded and terminated Plaintiff's employment or failed to promote him, Plaintiff was qualified for employment as a police officer.

36.   On or about September 19, 2010, due to Plaintiff's actual or perceived disability, Defendant either terminated his employment or failed to promote him. 42 U.S.C. § 12112(a). Specifically, Defendant's discriminatory actions included, but were not limited to (1) limiting, segregating, or classifying Plaintiff in a way that adversely affected his opportunities or status because of his actual or perceived disability within the meaning of § 12112(b)(1); (2) utilizing standards, criteria, or methods of administration that

have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (3) not making reasonable accommodations for the known physical limitations of Plaintiff, an otherwise qualified individual with a disability who was an applicant or employee, despite the fact that doing so would not impose an undue hardship on the operation of Defendant's business within the meaning of § 12112(b)(5)(A); (4) denying employment opportunities to Plaintiff based on Defendant's need to make reasonable accommodations for his physical impairments within the meaning of § 12112(b)(5)(A); and (5) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of § 12112(b)(6).

37.     Plaintiff has been damaged by Defendant's violation of the ADA inasmuch as Plaintiff has been unable to use his education and training as a police officer, and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

38.     Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

39.     Plaintiff is further to any and all relief permitted under the ADA,

42 U.S.C. § 12117(a), including equitable relief.

40.    Plaintiff is entitled to all available remedies under Colorado law, including at least back pay, front pay, compensatory damages, and attorney's fees, in an amount to be determined at trial.

## COUNT II
### (Violation of the Rehabilitation Act)

41.    Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42.    The Dillon Police Department is an entity that receives federal financial assistance and is a covered entity for purposes of § 504 of the Rehabilitation Act. As such, Defendant is prohibited from discriminating against any "qualified individual with a disability."

43.    Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability. Specifically, he was qualified to perform the essential functions required of a police officer, with or without a reasonable accommodation.

44.    Plaintiff's particular disability was multiple knee injuries, which substantially limited one or more of his major life activities and/or major bodily functions.

45.    Defendant violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by either rescinding a conditional or contingent offer to or

terminating Plaintiff because of his actual disability, his perceived disability, or his record of impairment.

46.    As a result of Defendant's actions, Plaintiff has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

47.    Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

48.    Plaintiff is further to any and all relief permitted under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., including equitable relief.

49.    Plaintiff is entitled to all available remedies under Colorado law, including at least back pay, front pay, compensatory damages, and attorney's fees, in an amount to be determined at trial.

## <u>COUNT III</u>
**(Unlawful Gender Discrimination in Employment, and Title VII)**

50.    Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

51.    Defendant terminated Plaintiff's employment because of intentional and unlawful gender discrimination in violation of the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24- 34-401 (2016) et seq.

52.    Plaintiff, experience reverse gender discrimination.

53.     Plaintiff was qualified for his job. He joined the Dillon Police Department in 2012, exceeded every objective laid out in his plan over seven years. He was suffered constructive discipline and demotion.

54.     Despite his excellent performance and astounding accolades, Plaintiff was discharged from his job on September 19, 2019. These circumstances give rise to at least an inference of unlawful discrimination.

55.     Although Defendant insisted it had a legitimate, non-discriminatory reason for discharging Plaintiff—that he supposedly violated the Dillon Police Department policy—these reasons for discharging Plaintiff were merely pretext for gender discrimination.

56.     Also, Nance, Van Doozer, Johnson, Osborn and the Chief, who were subject to the same Dillon Police Department policy, were not terminated for failure to report the intimate relationship between a supervisor and a subordinate.

57.     Defendant's shifting explanation for Plaintiff's termination is further evidence of pretext.

58.     Also, the legitimacy of Defendant's reason for termination is belied by Defendant's inexplicable deviation from established Dillon Police Department policy when it bullied Plaintiff into accepting a resignation in violation of federal law.

59.     The most likely explanation for Defendant's actions, especially after its shifting explanations have been debunked multiple times, is discrimination. This is also apparent from Nance's favoritism toward his female subordinate.

60.     Defendant intentionally discriminated against Plaintiff.

61.     Defendant discriminated against Plaintiff with malice or reckless indifference to his rights.

62.     The Chief, Nance, Hall, Osborn, Johnson and Van Doozer, aided and abetted Defendant in gender discrimination against Plaintiff.  Same knew or should have known of Plaintiff's exemplary performance. Same knew or should have known that Plaintiff was not being terminated because of an artificial policy violation, and instead aided and abetted in his wrongful termination.

63.     The EEOC issued to Plaintiff a Notice of Right to Sue dated January 15, 20212.

64.     Plaintiff is entitled to all available remedies under Colorado law, including at least back pay, front pay, compensatory damages, and attorney's fees, in an amount to be determined at trial.

## COUNT V
### (Violation of the Colorado Employee Protection Act and Colorado Whistleblower Act)

65.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

66.     The State Employee Protection Act, C.R.S. § 24-50.5-101 provides: "the general assembly declares that state employees should be encouraged to disclose information on actions of state agencies that are not in the public interest and that legislation is needed to ensure that any employee making such disclosures shall not be subject to disciplinary measures or harassment by any public official." To enforce this declaration, the statute further provides: "Except as provided in subsection (2) of this section, no appointing authority or supervisor shall initiate or administer any disciplinary action against an employee on account of the employee's disclosure of information."

67.     Plaintiff reported his concerns regarding the intimate relationship between Nance, a sergeant, and Hall, an officer, to Rice.

68.     Upon information and belief, Plaintiff, Van Doozer and Johnson reported their concerns regarding Nance and Hall to the Chief. However, Plaintiff was the only individual discharged from his employment on September 19, 2019.

69.     Plaintiff is entitled to all available remedies under Colorado law, including at least back pay, front pay, compensatory damages, and attorney's fees, in an amount to be determined at trial.

<u>**COUNT VI**</u>
**(Defamation Per Se)**

70.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

71.     Each of the defamatory statements described above was made to persons who understood the statement to refer to Plaintiff.

72.     Each of the statements described above was defamatory because each statement harmed Plaintiff's reputation by lowering him in the estimation of a substantial and respectable police officer of the community.

73.     Each of the defamatory statements described above defamed Plaintiff in his profession as a police officer.

74.     Each of the defamatory statements described above would be understood as defaming Plaintiff in his profession without any additional evidence or information other than the statements themselves.

75.     Each of the defamatory statements described above unequivocally exposes Plaintiff to public hatred and contempt.

76.     Each of the defamatory statements described above caused Plaintiff harm by, among other things, the loss of potential employment,

referral sources, and existing and prospective employment opportunities.

77.     Each of the defamatory statements described above was untrue.

78.     Defendant is liable for each defamatory statement as a separate cause of action.

79.     Plaintiff is entitled to all remedies under Colorado law, including damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows: That Defendant be enjoined from further unlawful conduct as described in the Complaint; that Plaintiff be awarded all lost pay and benefits; that Plaintiff be awarded compensatory damages; that Plaintiff be awarded punitive damages; that Plaintiff be awarded liquidated damages; that Plaintiff be awarded pre-judgment interest; that Plaintiff be awarded reasonable attorneys' fees; that Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years; and that Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL TO A JURY.**

DATED this 15th day of April, 2021.

Respectfully submitted,

**MCFARLAND LITIGATION PARTNERS, LLC**

By: /s/ Meredith A. Quinlivan

Meredith A. Quinlivan, Esq.
McFarland Litigation Partners, LLC
910 13th St., #200
Golden, CO 80401
Telephone: 303.279.8300
Facsimile: 303.277.1620
Email: Meredith@McFarland.law
ATTORNEY FOR PLAINTIFF